IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY D. HARTLESS | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv93 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jerry D. Hartless, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed what has been construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] This matter was referred to the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner appears to be complaining of a 2005 conviction for murder in the 145th District Court of Nacogdoches County, Texas. Petitioner previously filed a petition for writ of habeas corpus challenging the same conviction. *Hartless v. Director*, 9:09cv4 (E.D. Tex.). On May 17, 2010, this court denied the prior petition.

Discussion

On April 26, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act") was enacted into law. The Act provides that a district court may not entertain a second or successive petition for writ of habeas corpus unless the governing court of appeals has granted the petitioner

---

[1] Petitioner labeled his initial pleading as a petition for writ of mandamus. However, as petitioner is challenging the validity of a state court conviction, the pleading is being construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

permission to proceed with a successive petition.² The portion of the Act governing when permission should be granted by the court of appeals, which is codified at 28 U.S.C. § 2244(b), provides:

> (1) A claim presented in a second or successive habeas application under Section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas application . . . that was not presented in a prior application shall be dismissed unless-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

A prior petition challenging the same conviction was denied. As petitioner does not state the United States Court of Appeals for the Fifth Circuit has granted him leave to file a successive petition, this matter should be dismissed without prejudice as successive.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice as successive.

---

² Prior to the Act, a district court could not consider a successive petition unless it determined the petition did not constitute an abuse of the writ. Under the Act, however, the "gate keeping" function for successive petitions is to be performed by the court of appeals rather than the district court.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge